*Fenton Simms*, for appellant.    *Hardin*, for appellee.

---

CONSTANTINE WAYNE, ET AL., *v.* LUDWELL A. FOOTE, ET AL.

**Mental Capacity to Convey Real Estate.**

> A deed of conveyance made by a grantor of doubtful mental capacity, which has stood for more than twenty-five years, and the property has been conveyed by the grantee, who purchased the same for a valuable consideration without any notice of the fraud of his grantor, if there was fraud in securing the conveyance, will not be set aside because of the feebleness of the original grantor's mind.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

October 28, 1879.

OPINION BY JUDGE PRYOR:

It is alleged in the petition of the appellant that this conveyance by his brother, and to which appellant's signature is affixed by mark, was executed in the year 1852, and these appellees, or their vendors, have been in possession claiming to own and hold this land under this original conveyance since its date. There is no allegation that the vendees from the Dents knew of the mental imbecility of the appellant, or practiced any fraud upon him in obtaining the title and possession of the land in controversy. That they parted with their money as innocent purchasers for value is not controverted, and the fraud of the Dents, if any, will not affect

their rights. The petition does not present a cause of action as against the vendees of .Dents. It is not alleged in distinct terms that they knew appellant was feeble-minded or had been defrauded by their vendors. It is alleged that in 1852 the Dents practiced a fraud on the appellant, and in short that he was an idiot at all these times, and well known to be so by all these parties. This general allegation may be construed as applied alone to those making the original contract, and is not sufficiently specific to connect the appellees with the conveyance, or a knowledge of the conveyance made by the Waynes to Dents.

In looking alone to the facts of this case, although satisfied that the appellant was almost destitute of mind, after the lapse of twenty-five years or more from the date of the conveyance, with innocent purchasers in possession, who have parted with their money on the faith of a title of record, the chancellor would be reluctant to disturb their possession or to invalidate their title. The conveyance by the appellant was not void, but voidable only, and but for the insolvency of one of the original grantors this action would never have been instituted. No contract or conveyance permitted to exist for a quarter of a century as a matter of record, evidencing the right and title of those who have been in possession and claiming under it, ought to be disturbed by the chancellor unless he is forced to grant such relief by reason of some of the disabilities created by the statute.

Judgment *affirmed*.

*Sweeney & Son, Geo. W. Jolly, for appellants.*

*Lewis & Fairleigh, G. W. Williams, Kinchelve & Eskridge, for appellees.*